United States District Court
Southern District of Texas

**ENTERED**

April 10, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

EFRAN RAHIMZADEH,                    §
    *Petitioner,*                     §
                                      §
                                      §
v.                                   §        Civil No. 5:26-cv-00154
                                      §
KRISTI NOEM,                         §
TODD LYONS,                          §
MIGUEL VERGARA,                      §
and WARDEN,                          §
    *Respondents.*                    §

### ORDER

Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Dkt. No. 1, and Respondents' Motion to Dismiss, Dkt. No. 11, were referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  Due to the unfolding events between the United States and Iran, the Court presumes that Respondents' position that Petitioner is likely to be deported to Iran in the reasonably foreseeable future has changed.  Accordingly, Respondents are **ORDERED** to supplement their Motion to Dismiss, Dkt. No. 11, by **May 13, 2026**, updating the Court on their attempts to procure travel authorization from Iran or to find a suitable third country to relocate Petitioner.  Should Petitioner wish to supplement his response, Dkt. No 12,  he may file a supplement by no later than **May 20, 2026**.

Additionally, to develop the factual record in this case and aid the Court's consideration of the Petition and Motion to Dismiss, the parties are **ORDERED** to attend a Motions Hearing before the undersigned on **May 27, 2026, at 9:30 a.m., by Zoom**.  Counsel may choose to appear in person or by Zoom, but counsel shall inform opposing counsel in writing if they intend to appear

in person no later than **May 20, 2026**. Zoom information will be sent to the parties prior to the hearing.

At the Motions Hearing, Petitioner should be prepared to provide good reason why he is unlikely to be removed in the reasonably foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (holding that immigration habeas petitioners subject to a final order of removal must present more than "conclusory statements" to meet their burden of proof that they are unlikely to be removed in the reasonably foreseeable future). Respondents should be prepared to address whether there have been positive developments in diplomatic relations with Iran, or Respondents have determined a suitable third-party country that will accept Petitioner, such that Petitioner may be removed in the reasonably foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that once the petitioner has made their showing, the burden shifts to the government to prove that petitioner is likely to be removed in the reasonably foreseeable future). Specifically, Respondents should be prepared with evidence of the recent steps that ICE has taken to effectuate Petitioner's successful removal.

IT IS SO ORDERED

Signed this April 9, 2026, in Laredo, Texas.

Diana Song Quiroga
United States Magistrate Judge